UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                              )
                                                   )
MARC STEPHAN STEINBERG,                            )    Case No.  6:05-bk-13638-KSJ
                                                   )    Chapter 7
        Debtor.                                    )
                                                   )

SUPPLEMENTAL MEMORANDUM OPINION
ON APPLICATION OF WINDERWEEDLE, HAINES, WARD &
WOODMAN, P.A., FOR AWARD OF ATTORNEYS' FEES
AND EXPENSES AS COUNSEL FOR CHAPTER 7 TRUSTEE

The attorneys representing the Chapter 7 trustee appointed in this case, Winderweedle, Haines, Ward & Woodman, P.A. ("Winderweedle"), filed an application seeking payment of $11,985.32 (Doc. No. 36). Winderweedle explained in detail the services they provided to the trustee and attached their underlying billing records to the application. The debtor, Marc Stephan Steinberg, objected to the allowance of the requested fees arguing that the fees are excessive for the services rendered (Doc. No. 53). At the hearing held on November 27, 2007, the Court heard arguments and, after reviewing the case law and the evidence, including the detailed billing records, on December 14, 2007, the Court entered an order allowing full payment of the requested fees and costs totaling $11,985.32 to Winderweedle (Doc. No. 59).

The debtor has timely appealed the approval order (Doc. No. 61). Because no formal memorandum opinion initially was entered explaining the ruling of the Court, and in order to assist the appellate court in its work, this Supplemental Memorandum Opinion is issued pursuant to the recent authority of the Eleventh Circuit Court of Appeals in In re Mosley, 494 F.3d 1320, 1328 (11th Cir., 2007).

Section 330 of the Bankruptcy Code[1] provides that professionals, including attorneys, retained by a Chapter 7 trustee are entitled to receive "reasonable compensation for actual,

---

[1] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

necessary services" and "reimbursement for actual, necessary expenses." Bankruptcy courts have broad discretion in determining the amount of fees awarded to professionals as compensation. In re First Colonial Corp. of Am., 544 F.2d 1291, 1298 (5th Cir. 1977, cert. denied, 431 U.S. at 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). Courts should consider several factors in allowing payment of reasonable and necessary fees and costs of professionals:

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the skill required to perform the service properly;

(4) the preclusion of other employment due to acceptance of the case;

(5) the customary fee for similar work in the community;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation and ability of the professional;

(10) the undesirability of the case;

(11) the nature and length of the professional relationship of the client; and

(12) awards in similar cases.

Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974); In re First Colonial Corp. of Am., 544 F.2d at 1291.[2] In applying these factors, courts should:

(1) determine the nature and extent of services provided by the professional;

---

[2] Fifth Circuit decisions issued before October 1, 1981, constitute binding precedent for this court. Bonner v. City of Prichard, 661 F.2d 1206, 1210 (11th Cir. 1981).

    (2)  assess the value of those services; and

    (3)  explain the basis of the award.

Neville v. Eufaula Bank and Trust Co. (In re U.S. Golf Corp.), 639 F.2d 1197, 1201 (5th Cir. March 16, 1981); Grant v. George Schumann Tire & Battery Co., 908 F.2d 874, 877-78 (11th Cir. 1990).

  In their application, the Winderweedle attorneys requested fees of $11,771.42 and expenses of $213.90 for services rendered in this case to the Chapter 7 trustee between February 8, 2006, and June 6, 2007 (Doc. No. 36). Winderweedle was retained to advise the trustee generally and to assist the trustee in two specific tasks[3] (Doc. No. 14). First, Winderweedle was hired to evaluate the efficacy of the debtor's alleged claims against his former attorneys, Graham, Moletteire & Torpy, P.A. ("GMT"), in connection with their representation of the debtor in a personal injury action that occurred long before this Chapter 7 case was filed. Second, Winderweedle was hired to recover fees paid to GMT pre-petition in connection with the settlement of the personal injury action.

  In carrying out these tasks, the Winderweedle attorneys successfully obtained a settlement with GMT (Doc. No. 21). The estate received $31,182.80, directly attributable to the efforts of the Winderweedle firm. The Winderweedle attorneys also advised the trustee not to further pursue the debtor's claims against GMT, and, following this advice, the trustee later abandoned any interest in the debtor's additional claims against GMT. The law firm performed a valuable and efficient service for the trustee and seeks a fee of approximately 38 percent of the amount they directly recovered.

---

[3] The Trustee's Application for Order Authorizing Employment of Winderweedle (Doc. No. 14) stated that the attorneys "will assist the trustee in analyzing the Debtor's alleged claims against a law firm which was representing him in a personal injury action to determine if any of the alleged claims may provide a benefit to the estate, and will render all legal services required in this case, including filing any necessary motions, adversary proceedings, and responses and appearing in court on the trustee's behalf." The trustee's retention of the Winderweedle lawyers for the broad purposes requested was approved on March 16, 2006 (Doc. No. 16).

In obtaining the result, Winderweedle spent 59.8 hours of time, with the vast majority of the time, 38.1 hours, spent by an attorney billing at the lowest rate of between $175 to $200 per hour.  The partner assigned to the case, Bradley M. Saxton, who charged between $300 and $320 per hour, spent only 13.5 hours on the assignment.  Expenses totaled $213.90 and consisted almost entirely of photocopy charges.  The Court specifically finds that the expenses are reasonable, that the hourly rates charged are reasonable for this area and are the customary rates charged by the Winderweedle attorneys, and that the time spent on the tasks involved, 59.8 hours, was reasonable.  In addition, the Court finds that, although the legal issues involved nothing novel or difficult, the skills held by the Winderweedle attorneys, who each specialize in bankruptcy matters, were a valuable pre-requisite to reaching the favorable result.

The Court further finds that the debtor's efforts substantially interfered with the work of the Winderweedle firm and made their work more difficult.  For example, at the same time that Winderweedle was trying to reach a settlement with GMT on the return of fees paid by the debtor pre-petition, the debtor was threatening to continue his lawsuit against GMT if the trustee did not pursue the claim, and, simultaneously, was threatening to file either a lawsuit or grievance action against Winderweedle if the trustee did not pursue or relinquish the same claims to the debtor.  The debtor makes this argument in his own Motion to Compel Trustee to Prosecute Lawsuit or Surrender the Estate's Claim in Debtor's Lawsuit (Doc. No. 22), in his Objection to the trustee's proposed settlement with GMT (Doc. No. 26), and in his letter, dated June 12, 2006, to the Winderweedle firm opposing the settlement (Trustee's Ex. No. 1).  Therefore, although the Court agrees that the work involved was not complicated, the debtor's persistent interference made a simple resolution impossible and required Winderweedle to spend extra time on the engagement.

As to the other factors courts should consider in awarding fees, Winderweedle was not otherwise precluded from employment by this engagement, the fee is not contingent (other than

steinberg supplemental order on attorney fees.doc /  / Revised: 1/9/2008 11:07:00 AMPrinted: 1/9/2008                    Page: 4 of 6

actual payment is contingent upon recovery of funds from which to pay their fees and expenses), no undue time limitations existed, and the nature and length of the relationship between Winderweedle and the trustee is not relevant.  Moreover, the award sought is very much within the range of awards in similar cases.  Accordingly, the Court allowed Winderweedle's application in full and awarded the total fees and costs requested.

The debtor in his objection contends that the Winderweedle attorneys should have spent only ten hours in their work for the trustee.  He challenges specific time entries and contends they are excessive or unreasonable.  The Court simply disagrees with his argument and finds that the hourly rate charged and time expended by Winderweedle was reasonable.

The real, unstated crux of the debtor's objection is that, in this case, the debtor, not his creditors, will receive any excess distributions from the trustee.  The debtor has favorably resolved many of his debts and claims filed during this Chapter 7 case.  He is one of those lucky debtors who will receive proceeds back *after* his assets are liquidated.  However, the fact that he is entitled to receive excess proceeds does not justify failing to pay costs associated with the liquidation of the assets, which is the service provided by Winderweedle.  The Winderweedle attorneys are entitled to be paid in full for their services.  The debtor's objection is overruled.

DONE AND ORDERED in Orlando, Florida, on the 9th day of January, 2008.

    KAREN S. JENNEMANN
    United States Bankruptcy Judge

Copies provided to:

Debtor:  Marc Stephan Steinberg, PO Box 321283, Cocoa Beach, FL  32932-1283

Debtor:  Marc S. Steinberg, 5800 N. Banana River Blvd., #115, Cape Canaveral, FL  32920

Trustee:  Carla Musselman, 1619 Druid Road, Maitland, FL  32751

Trustee's Counsel:  Bradley M. Saxton, PO Box 1391, Orlando, FL  32802

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801